UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANELL K. DUNCAN,

                Plaintiff,

      v.

ALVIN R. ALLEN, et al.,

                Defendant.

CASE NO. 3:23-CV-5285-MJP-DWC

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
LEAVE TO AMEND

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Shanell K. Duncan, proceeding *pro se*, and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds the complaint fails to state a claim as to one of the defendants—the Pierce County jail—but provides Plaintiff leave to file an amended pleading by June 5, 2023 to cure the deficiencies identified herein.

**I.      Background**

Plaintiff filed his proposed complaint on April 5, 2023, alleging § 1983 claims arising while he was a pretrial detainee at the Pierce County Jail. Dkt. 1-1. Plaintiff contends defendants

violated his Fourteenth Amendment rights when they used excessive force against him and denied him medical care for his injuries. *Id*. Plaintiff names as defendants six Pierce County Jail corrections officers (Alvin Allen, Jason Finley, Nouhoum Sidibe, Gaspar Alexander Tomas, Mark Ramos and Amber Tucker—collectively the "Corrections Officer Defendants") and the Pierce County Jail (the "Jail"). *Id*. at 8–9.

## II.    Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's complaint explains the alleged actions of the Corrections Officer Defendants sufficiently to pass the Court's screening as to those defendants.

However, plaintiff also seeks to bring his claim against the Jail, the facility where he was confined at the time of the events underlying his claim. Dkt. 1-1 at 9. The Jail is not a legal entity capable of being sued under § 1983. Rather, Pierce County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wright v. Clark County Sheriff's Office*, No. 3:15-cv-05887 BHS-JRC, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity

ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

A municipality "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). Similarly, mere negligence in training employees cannot support municipal liability; instead, plaintiff must allege facts demonstrating the failure to train amounts to deliberate indifference to the rights of those who deal with municipal employees. *City of Canton*, 489 U.S. at 388–89. Finally, a single incident of unconstitutional action is generally insufficient to state a claim for municipal liability. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

Plaintiff has not named Pierce County as a defendant and has also not alleged facts to show Pierce County is liable. *See* Dkt. 1-1. If Plaintiff seeks to sue Pierce County, he must name Pierce County as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show Pierce County violated his constitutional rights.

**III.    Conclusion**

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his claim against the Jail should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, on or before June 5, 2023. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the

1  amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997),

2  *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

3        The Court will screen the amended complaint to determine whether it states a claim for

4  relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to

5  adequately address the issues raised herein, the Court will recommend dismissal of defendant

6  Pierce County Jail from this action.

7        The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

8  civil rights complaint, a copy of this Order and the *Pro Se* Information Sheet.

9        Dated this 4th day of May, 2023.

10

11                           David W. Christel

12                           Chief United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24