UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANELL K. DUNCAN,<br><br>                    Plaintiff,<br><br>       v.<br><br>ALVIN R. ALLEN, et al.,<br><br>                    Defendants. | CASE NO. 3:23-CV-5285-MJP-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 5, 2024 |

The District Court has referred this action to Chief United States Magistrate Judge David W. Christel. Plaintiff Shanell Duncan, proceeding *pro se* and *in forma pauperis*, filed this civil rights First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Dkts. 33, 35-1.

The Court concludes Plaintiff has sufficiently stated a Fourteenth Amendment excessive force claim and a Fourteenth Amendment deliberate indifference to medical need claim. However, Plaintiff fails to state a claim against Defendants Slothower, Jackson, Troyer, Woodley

1  and Pierce County. Accordingly, the Court recommends the Motion to Dismiss be granted in part
2  and denied in part.

3  **I.     Background**

4  Plaintiff alleges that the following Defendants violated his constitutional rights when he
5  was a pretrial detainee at Pierce County Jail: Alvin Allen, Maria Martin, Maria Raider, Jonathan
6  Slothower, Patty Jackson, Jason Finley, Edward Troyer, S. Woodley, Candace Bullinger,
7  Nouhoum Sidibe, Alexander Gaspar, Mark Ramos, Jr., Amber Tucker, and Pierce County
8  (collectively "Defendants"). Dkt. 30 at 2–3.

9  On September 22, 2021, Plaintiff had a confrontation with a jail official that resulted in
10 officers placing him in a "four-point restraint chair." *Id.* at 4. As the officers placed Plaintiff in
11 the chair, he expressed his displeasure in an obnoxious manner, and he resisted the officers. *Id.*
12 Despite squirming, one officer secured and maintained control over Plaintiff's legs. *Id.* At that
13 point, Allen struck Plaintiff on the head. *Id.* The blow caused the following injuries: "significant
14 swelling of the face, bruising, contusions, abrasions, numbness, and speech and hearing
15 impairment." *Id.* at 5. Previously, other inmates filed complaints and grievances against Allen for
16 using excessive force. *Id.*

17 Jail officials then moved Plaintiff to an interview room where Martin examined
18 Plaintiff's face. *Id.* Allen refused to let Martin examine Plaintiff at that time. *Id.* Later, after
19 Allen left the room, Raider examined Plaintiff's face, stating that Plaintiff may have a broken
20 jaw. *Id.* at 6. Raider's shift at the jail was ending, so she told Plaintiff that she would get another
21 staff member to schedule an X-ray for Plaintiff. *Id.* Plaintiff, however, never received an X-ray.
22 *Id.* Bullinger also saw Plaintiff in the interview room, and she noticed that Plaintiff's jaw was
23 swollen, his speech was impaired, and he could not open his mouth. *Id.* After sitting in the room
24

REPORT AND RECOMMENDATION - 2

for two and a half hours, Plaintiff did not receive any medical care other than a small ice pack for his swelling. *Id.* at 7.

Plaintiff requested medical attention for his face, but Finley, Tucker, Sidibe, Gaspar, and Ramos, Jr. failed to report Plaintiff's injury or call for the medical staff at the jail to help him. *Id.* Martin was the only medical staff member to check on Plaintiff, but she just examined the tension of the shackles confining Plaintiff, not his face. *Id.* According to Plaintiff, Pierce County and Slothower have a history of providing inadequate medical care to pretrial detainees. *Id.* Without treatment, Plaintiff continues to suffer pain on the left side of his head, and he claims that his hearing has been damaged. *Id.* at 8.

Defendants filed the Motion to Dismiss on October 11, 2023, moving for dismissal of the FAC. Dkt. 33. Plaintiff filed a response, and Defendants filed a reply. Dkts. 36, 37.

**II.     Standard of Review**

A motion to dismiss can be granted only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

1  However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me
2  accusation." *Iqbal*, 556 U.S. at 678.

3      While the Court must accept all the allegations contained in the complaint as true, the
4  Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*
5  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
6  statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649
7  (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to
8  state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court
9  is to construe a complaint liberally, such construction "may not supply essential elements of the
10 claim that were not initially pled." *Pena*, 976 F.2d at 471.

11    **III.   Discussion**

12        ***a.  Excessive Force Claim***

13           *i.  Defendant Allen*

14     Plaintiff alleges that Allen violated his Fourteenth Amendment rights by striking him on
15 the head while being placed in the restraint chair. Dkt. 30 at 10. In their Motion to Dismiss,
16 Defendants argue that the force that Alvin used on Plaintiff was limited and lawful under the
17 circumstances because Plaintiff was resisting the officers when they tried to restrain him. Dkt.
18 35-1 at 7.

19     The Fourteenth Amendment Due Process Clause protects pretrial detainees from
20 excessive force. *Kingsley v. Hendrickson,* 135 S.Ct. 2466, 2470 (2015). To prevail on such a
21 claim, "a pretrial detainee must show only that the force purposely or knowingly used against
22 him was objectively unreasonable." *Id.* at 2473. "[O]bjective reasonableness turns on the 'facts
23 and circumstances of each particular case,'" without regard to the officers' underlying intent or
24 motivation. *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must weigh

REPORT AND RECOMMENDATION - 4

the circumstances from the viewpoint of a reasonable officer at the scene and "account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (internal quotation and citation omitted). In assessing reasonableness, the Court may consider the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id.*

Arguably, Plaintiff has stated enough facts with respect to his claim that Allen's strike on his head under the circumstances constituted excessive force. While Defendants argue that Allen's strike was "limited" and served the purpose of restraining Plaintiff, it appears from the facts that another officer had Plaintiff under control. In addition, the Court may also consider the extent of Plaintiff's injuries, which appear significant in this case. For example, Allen's single blow may have broken Plaintiff's jaw, damaged his hearing, and impaired his speech. Therefore, the Court finds that Plaintiff states a colorable excessive force claim and recommends that the Motion to dismiss be denied as to this claim.

        ii.   *Supervisor Liability*

Plaintiff seeks to hold Troyer and Jackson responsible for the improper management of Allen, which led to the instance of excessive force. Dkt. 30 at 5. However, vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. Cal. Dep't of Corrs. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may only be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the

1  supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*,
2  268 F.3d 646, 653 (9th Cir. 2001).
3        Here, the Court agrees with Defendants' argument that Plaintiff "fails to allege any
4  individual actions taken by Defendants Jackson or Troyer." Dkt. 35-1 at 10. Plaintiff states in a
5  conclusory manner that Troyer and Jackson should have known about Allen's abusive conduct
6  because of past grievances filed against him. These conclusory allegations do not meet the
7  pleading standard stated above. Therefore, because Plaintiff fails to allege facts supporting
8  claims against Jackson and Troyer, the Court recommends that they be dismissed from this
9  action.

### b. Deliberate Indifference to Serious Medical Need Claim

11        Plaintiff alleges that Allen, Martin, Raider, Slothower, Jackson, Finley, Woodley,
12  Bullinger, Sidibe, Gaspar, Ramos, Jr., and Tucker violated his constitutional rights when they
13  failed to report his injuries and did not provide medical care to deal with the injuries. Dkt. 30 at
14  9. In their motion, Defendants argue that Plaintiff's allegations fail to show that they were aware
15  that Plaintiff needed care and that they prevented him from receiving medical care. Dkt. 35-1 at
16  9.
17        A pretrial detainee's right to adequate medical care arises under the due process clause of
18  the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018).
19  The elements of such a claim are: (1) "the defendant made an intentional decision with respect to
20  the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at
21  substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available
22  measures to abate that risk, even though a reasonable official in the circumstances would have
23  appreciated the high degree of risk involved—making the consequences of the defendant's

1   conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's
2   injuries." *Id.* at 1125.

3   With respect to the third element, "the defendant's conduct must be objectively
4   unreasonable, a test that will necessarily turn on the facts and circumstances of each particular
5   case." *Id.* (omitting internal punctuation and quotation marks). " '[M]ere lack of due care' " is
6   not enough; "the plaintiff must 'prove more than negligence but less than subjective intent –
7   something akin to reckless disregard.' " *Id.* (quoting *Castro*, 833 F.3d at 1071).

8   The Court finds that the FAC contains sufficient facts to state a colorable claim of
9   deliberate indifference against Defendants Allen, Martin, Raider, Bullinger, Sidibe, Gaspar,
10  Ramos, Jr., and Tucker. Liberally construing the allegations in the FAC, Plaintiff contends that
11  after Allen injured him, Raider and Bullinger noticed that he was suffering from a possible
12  broken jaw, but they failed to provide any medical care. Afterwards, Plaintiff—while still in
13  pain—filed multiple requests for medical aid with Finley, Tucker, Sidibe, Gaspar, and Ramos,
14  Jr.; however, these Defendants ignored the requests to file a medical incident report and provide
15  Plaintiff with medical care. Finally, Allen and Martin examined Plaintiff's shackles, failing to
16  examine his injuries. While Defendants argue that most of these Defendants were not medical
17  providers, Plaintiff does allege that, despite being examined on several occasions and filing
18  medical requests, he did not receive medical attention for his injuries. *See* Dkt. 35-1 at 9.
19  Therefore, the Court recommends that Defendants' Motion to Dismiss be denied as to
20  Defendants Allen, Martin, Raider, Bullinger, Sidibe, Gaspar, Ramos, Jr., and Tucker.

21  The Court does, however, find that Plaintiff fails to raise a colorable deliberate
22  indifference claim against Defendants Slothower, Jackson, and Woodley. In the FAC, Plaintiff
23  states in a vague manner that Slothower, Jackson, and Woodley failed to follow up with medical
24  staff concerning his injuries. Additionally, Plaintiff states that Slothower has a history of

REPORT AND RECOMMENDATION - 7

providing inadequate care. Such conclusory and unsupported allegations are insufficient to state a colorable claim of deliberate indifference. The FAC does not allege that these Defendants knew of and disregarded an excessive risk to Plaintiff's health. Therefore, the Court recommends that Defendants Slothower, Jackson, and Woodley be dismissed from this action.

### c. Improper Defendant

Defendants argue that Plaintiff's claims against Pierce County should be dismissed because Plaintiff fails to identify a single custom or policy that caused the alleged violations of his constitutional rights. Dkt. 35-1 at 5–6. The Court agrees with Defendants.

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691–94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694). A Plaintiff must also demonstrate that, the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Id*. at 404. Liability may also exist where there is a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992).

Plaintiff fails to allege facts showing that Pierce County is liable under *Monell*. Rather, he only provides generalized allegations that Pierce County was responsible for its employees alleged constitutional violations. Plaintiff fails to show that Pierce County's employees acted through an official custom or policy that resulted in the use of excessive force and the inadequate treatment he received. Therefore, the Court recommends that Pierce County be dismissed from this case.

### d. Qualified Immunity

In an alternative argument, Defendants contend that Plaintiff has not alleged any facts to demonstrate that Allen's strike constitutes excessive force, and that Plaintiff's claim against him is barred by the doctrine of qualified immunity. Dkt. 35-1 at 11–12.

Regarding the doctrine of qualified immunity, it generally shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

When a defendant asserts qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is not appropriate unless the Court can determine, based on the complaint itself, that qualified immunity applies. *Groten v. Cal.*, 251 F.3d 844, 851 (9th Cir. 2001). While courts may consider qualified immunity at the pleadings stage, the Ninth Circuit has noted that "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citing *Kwai Fun Wong v. United States*, 373 F.3d 952, 956 (9th Cir. 2004). In considering qualified immunity at the pleadings stage, "the courts may be called upon to decide far-reaching constitutional questions on a nonexistent factual record." *Kwai Fun Wong*, 373 F.3d at 957; *see also Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (stating that a court ruling on a motion to dismiss was "not equipped at this stage to determine whether qualified immunity will ultimately protect [the defendant]."). In certain cases, the attachment of "substantial documentary evidence" to a complaint can obviate the concern over resolving qualified immunity claims prior to discovery. *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 893 (9th Cir. 2022).

In this case, the record does not, at this stage of the litigation, contain substantial documentary evidence, and there could be relevant information to Allen's qualified immunity defense that is not attached to the FAC. As such, the Court recommends that Allen's qualified

immunity claim be denied. The Court will consider this defense at the summary judgment stage, when it will have the benefit of a developed factual record.

### e. State Law Claims

In addition to the constitutional claims, Plaintiff raises claims of assault, battery, and negligence under Washington law regarding his treatment at Pierce County Jail. Dkt. 30 at 8. As Plaintiff has sufficiently pleaded claims of excessive force and deliberate indifference, the Court recommends that Defendants' Motion to Dismiss be denied as to the state law claims—as dismissal is not warranted at this stage of the litigation.

## IV. Leave to Amend

As Plaintiff has already been given notice of the deficiencies of his claims and an opportunity to file an amended complaint, the Court finds that leave to amend is not appropriate. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to a dismissal).

## V. Conclusion

For the foregoing reason, the Court recommends the following:

1. Defendants' Motion to Dismiss be denied as to Plaintiff's excessive force claim against Defendant Allen;

2. Defendants' Motion to Dismiss be denied as to Plaintiff's deliberate indifference claim against Defendants Allen, Martin, Raider, Bullinger, Sidibe, Gaspar, Ramos, Jr., and Tucker;

3. Defendants' Motion to Dismiss be denied as to Defendant Allen's defense of qualified immunity;

4. Defendants' Motion to Dismiss be denied as to the state law claims; and

1     5.  Defendants' Motion to Dismiss be granted as to Pierce County, Slothower, Jackson,

2         Troyer, and Woodley with each dismissed from this action.

3     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4 fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

5 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

6 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

7 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

8 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

9 imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

10 January 5, 2024, as noted in the caption.

11     Dated this 15th day of December, 2023.

 

                                         David W. Christel
                                         Chief United States Magistrate Judge