UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANELL K. DUNCAN,

        Plaintiff,

v.

ALVIN R. ALLEN, et al.,

        Defendants.

CASE NO. 3:23-CV-5285-MJP-DWC

ORDER DENYING APPOINTMENT OF COUNSEL AND MOTIONS TO COMPEL

Presently pending before the Court is Plaintiff Shanell K. Duncan's third Motion for Appointment of Counsel, Dkt. 46, and Plaintiff's three Motions to Compel, Dkts. 47, 48, 49. After consideration of the record, the Motion for Appointment of Counsel (Dkt. 46) and the Motions to Compel (Dkts. 47, 48, 49) are denied.

**I.    Motion for Counsel (Dkt. 46)**

As the Court previously stated (*see* Dkts. 20, 41), there is no constitutional right to appointed counsel in a 42 U.S.C. § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). In "exceptional circumstances," a district court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether

exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. The Court notes that some of Plaintiff's claims survived a motion to dismiss. *See* Dkts. 42, 44. However, simply because Plaintiff has stated a claim upon which relief may be granted does not indicate Plaintiff is likely to succeed on the merits of his claims. Additionally, Plaintiff is able to clearly articulate his requests in a way that is understandable to the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate. Accordingly, Plaintiff's third Motion for Counsel (Dkt. 46) is denied.

**II.     Motions to Compel (Dkts. 47-49)**

Plaintiff has also filed three Motions to Compel requesting the Court order Defendants Allen, Finley, and Ramos to respond to discovery requests. Dkts. 47, 48, 49. Before filing a motion to compel discovery, Federal Rule of Civil Procedure 37 and Local Civil Rule ("LCR")

37(a)(1) require the moving party to meet and confer with the party failing to make the disclosure or produce the discovery in an effort to resolve the dispute without court action. The meeting must be either face-to-face or via telephone. LCR 37(a)(1). In addition, when filing a motion to compel, the movant must include in the motion, or in a declaration or affidavit, a certification of such efforts. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the Court may deny the motion without addressing the merits of the dispute. *See* LCR 37(a)(1).

Here, Plaintiff's Motions do not contain any indication Plaintiff met and conferred with Defendants' counsel prior to filing the Motions. *See* Dkts. 47, 48, 49. The Motions also do not include the required certification. *See* Dkts. 47, 48, 49. Moreover, counsel for the responding Defendants state Plaintiff did not meet and confer with her prior to bringing his Motions to Compel. Dkts. 50, 51, 52. As Plaintiff has failed to comply with the meet and confer requirements of Federal Rule 37 and LCR 37, Plaintiff's Motions to Compel (Dkts. 47, 48, 49) are denied.

### III. Conclusion

For the above stated reasons, Plaintiff's Motion for Appointment of Counsel (Dkt. 46) and Plaintiff's Motions to Compel (Dkts. 47, 48, 49) are denied.

Dated this 29th day of February, 2024.

David W. Christel
Chief United States Magistrate Judge