UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANELL K. DUNCAN,<br><br>　　　　　Plaintiff,<br>　v.<br>ALVIN R. ALLEN, et al.,<br><br>　　　　　Defendants. | CASE NO. 3:23-CV-5285-MJP-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 24, 2024 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants Marian Martin and Maria Rader's Motion to Dismiss and Plaintiff Shanell K. Duncan's Motion for the Removal of Defendants Marian Martin and Maria Rader. Dkts. 65, 67. After review of the relevant record, the undersigned recommends Plaintiff's Motion (Dkt. 67) be granted, Defendant's Motion (Dkt. 65) be denied as moot, and Defendants Martin and Rader be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

I.　　**Background**

On April 29, 2024, Defendants Martin and Rader filed the pending Motion to Dismiss. Dkt. 65. In response to Defendants Martin and Rader's Motion, Plaintiff filed the pending

Motion requesting Defendants Martin and Radar be dismissed from this action. Dkt. 67. Defendants Martin and Rader filed a response indicating that, whether Plaintiff's Motion was interpreted as a response to their motion to dismiss or a motion under Rule 41, the result should be a dismissal of Defendants Martin and Rader. Dkt. 68. Defendants Martin and Rader request dismissal with prejudice. *See id*.

## II.   Discussion

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Defendants Martin and Rader have not filed an answer or summary judgment motion; rather, Defendants Martin and Rader filed a motion to dismiss. *See* Dkt. 65. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. Importantly, Defendants Martin and Rader do not oppose Plaintiff's request for dismissal and have moved to be dismissed from this action. Therefore, the Court finds dismissal under Rule 41(a) is proper in this case.

## III.   Conclusion

The Court finds Plaintiff has sought to voluntarily dismiss Defendants Martin and Rader under Rule 41. Based on the record before the Court, the Court recommends Plaintiff's Motion

REPORT AND RECOMMENDATION - 2

(Dkt. 67) be granted. The Court recommends Defendants Martin and Rader be dismissed without prejudice from this action.[1] As Defendants Martin and Rader are dismissed, the Court recommends their Motion to Dismiss (Dkt. 65) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 24, 2024, as noted in the caption.

Dated this 3rd day of June, 2024.

David W. Christel
United States Magistrate Judge

---

[1] Defendants Martin and Rader seek dismissal with prejudice. As Plaintiff is *pro se* and the Court is dismissing the two defendants under Rule 41(a)(2), the Court finds dismissal without prejudice is appropriate in this case.

REPORT AND RECOMMENDATION - 3