UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANELL K. DUNCAN,

        Plaintiff,

   v.

ALVIN R. ALLEN, et al.,

        Defendants.

CASE NO. 3:23-CV-5285-MJP-DWC

ORDER DENYING APPOINTMENT OF COUNSEL

Presently pending before the Court is Plaintiff Shanell K. Duncan's fifth Motion for Appointment of Counsel. Dkt. 63.

As the Court previously stated (*see* Dkts. 20, 41, 56, 66), there is no constitutional right to appointed counsel in a 42 U.S.C. § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). In "exceptional circumstances," a district court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. The Court notes that some of Plaintiff's claims survived a motion to dismiss. *See* Dkts. 42, 44. However, simply because Plaintiff has stated a claim upon which relief may be granted does not indicate Plaintiff is likely to succeed on the merits of his claims. Additionally, Plaintiff is able to clearly articulate his requests in a way that is understandable to the Court.

Plaintiff again asserts he is in administrative segregation, has limited access to a law library, is no longer receiving assistance from inmates, and his case will require extensive research and investigation. Dkt. 70. Plaintiff also asserts he is being denied discovery and his mental health illnesses that impair his ability to litigate this case. *Id*. These assertions do not show Court-appointed counsel is warranted. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate. Accordingly, Plaintiff's fifth Motion for Counsel (Dkt. 70) is denied.

Dated this 28th day of June, 2024.

David W. Christel
Chief United States Magistrate Judge